## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

HALEY CORTELYOU, individually
and on behalf of all others similarly
situated,

        Plaintiff,

        v.

GASTROMED HEALTHCARE,
P.A. and NICOLE GREEN

        Defendants.

No. 3:23-cv-413

**CLASS ACTION
COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Haley Cortelyou ("Plaintiff"), on her own behalf and on behalf of all others similarly situated, by her undersigned counsel, alleges the following upon personal knowledge as to her own acts and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1.    This action alleges certain acts of verbal and physical abuse and disability discrimination allowed to proceed against Plaintiff-employee Haley Cortelyou while performing her job duties at Defendant Gastromed Healthcare, P.A. ("Gastromed"), whose headquarters address is 25 Monroe Street, Bridgewater, New Jersey, 08807.

2.    Plaintiff Cortelyou accordingly brings claims against Defendant

Gastromed on her own behalf under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and the New Jersey Law Against Discrimination, among other state law claims.

3.      Plaintiff Cortelyou accordingly brings a battery claim against her former co-employee, Defendant Nicole Green.

4.      In addition to the foregoing, this action is also a collective action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA"), and a class action under the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a, *et seq.* (the "NJWHL") and New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 *et. seq.* (the "NJWPL")—among other state law claims—as against Defendant Gastromed Healthcare, P.A., for that Defendant's failure to pay its employees their hourly rate for all hours worked in excess of thirty-eight (38) hours in a workweek, as well as their required overtime payments for hours worked in excess of forty (40) hours in a workweek.

5.      Gastromed is a full-service group medical practice specializing in the field of Gastroenterology, with at least two (2) locations located in New Jersey, employing a variety of doctors, nurses, technicians, medical support staff, and administrative support staff.

6.      Many, if not most, of Gastromed's employees are employed as hourly,

non-exempt employees.

7. During a given workweek, these non-exempt employees routinely work more than thirty-eight (38) hours.

8. Despite the foregoing, these employees were not paid for time spent working more than thirty-eight (38) hours, in violation of the FLSA, NJWHL and NJWPL.

9. During a given workweek, these non-exempt employees routinely work more than forty (40) hours.

10. Despite the foregoing, these employees are also not paid their required overtime for their time in excess of forty (40) hours per week, in violation of the FLSA, NJWHL and NJWPL.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and the FLSA, 29 U.S.C. §216(b).

12. Jurisdiction is further proper pursuant to 28 U.S.C. §1331 for Plaintiff's claims under the ADA and Title VII.

13. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

14. Venue is proper in this District because, upon information and belief, all Defendants reside in this District.

15.     Venue is further proper in this District as a substantial part of the events giving rise to Plaintiff's claims, and those of the Class, occurred in this District, including but not limited to Plaintiff's employment by Gastromed, the employment of other employees by Gastromed, and the tortious and illegal actions taken by the individual Defendant occurred in this District.

**THE PARTIES**

16.     Plaintiff is a citizen of the State of New Jersey, residing in Flemington, New Jersey.

17.     Ms. Cortelyou began her employment with Gastromed at their Bridgewater, New Jersey location in or around December 27, 2021, and was forced to resign on September 12, 2022.

18.     Ms. Cortelyou was employed by Gastromed as a receptionist and uncertified medical assistant, during the applicable limitations periods.

19.     In this capacity, Ms. Cortelyou performed various administrative office functions typical of a medical office environment.

20.     These functions included checking patients in and out, verifying insurance information, preparing patients' charts, collecting payments and balances, answering and returning phone calls, and scheduling appointments, among other office clerical duties.

21.     Upon information and belief, Plaintiff was designated an employee

pursuant to an employment contract, and indeed had no executive, administrative, professional, managerial, or supervisory authorities.

22.     Ms. Cortelyou was directly managed by two individuals: Lisa Anello, the Office Manager, and Sandra McGavisk, the Front Desk Manager and Head Nurse.

23.     Defendant Nicole Green is employed by Gastromed as a nurse.

## INDIVIDUAL ALLEGATIONS
## AS TO A PATTERN OF VERBAL ABUSE, PHYSICAL ABUSE, AND DISCRIMINATION

24.     Ms. Cortelyou began her employment with Gastromed at their Bridgewater, New Jersey location in or around December 27, 2021

25.     During her employee training, Ms. Cortelyou was warned by another employee about an abusive office environment, and that "you really have to have a thick skin to survive here."

26.     On the job, Ms. Cortelyou was directly managed by two individuals: Lisa Anello, the Office Manager, and Sandra McGavisk, the Front Desk Manager and Head Nurse.

27.     Ms. Cortelyou has a physical disability in the form of a hearing impairment. She wears bilateral hearing aids and has less than 50% hearing in each of her ears, which constitutes a substantial impairment to her hearing.

28.     Ms. Cortelyou has a further substantial impairment to her hearing in

the form of a processing issue. Such is a collateral consequence of her hearing loss, and is itself is a substantial impairment to her ability to hear and process speech.

29.     Ms. Cortelyou's managers were made aware of this hearing impairment and processing issue.

30.     During the term of her employment with Gastromed, Ms. Cortelyou was subjected to verbal and physical harassment.

31.     Specifically, Ms. McGavisk would often scream at Ms. Cortelyou without basis or justification.

32.     Specifically, Defendant Nicole Green, physically struck Ms. Cortelyou on at least five (5) occasions, would often shove her out of the way without basis or justification, and repeatedly called Ms. Cortelyou "stupid," which is false and defamatory.

33.     Specifically, at least two of the nurses—Maria Ramon and Melissa Lopez—accused Ms. Cortelyou of being "retarded" and a "liar" to other Gastromed employees. These accusations are also false and defamatory.

34.     Ms. Cortelyou repeatedly requested meetings with her manager, Ms. Anello, to address these forms of verbal and physical harassment. No such meetings ever took place during the term of Ms. Cortelyou's employment with Gastromed.

35.     Instead, Ms. McGavisk—who had witnessed the physical abuse by Defendant Green and managed Defendant Green—merely advised Defendant Green

not to continue such physical abuse. These warnings were not effective as Defendant Green continued to physically abuse Ms. Cortelyou.

36.     The verbal and physical abuse was so pervasive and extreme that Ms. Cortelyou informed Ms. McGavisk that she could not endure the mistreatment and felt that she had no choice but to resign from her position.

37.     Ultimately, Ms. Cortelyou was forced to resign on September 12, 2022, due to the pervasive verbal and physical harassment, and lack of reasonable accommodation.

38.     After Ms. Cortelyou's departure, Gastromed employees became concerned about the specter of the instant lawsuit and attempted to intimidate Ms. Cortelyou from filing such a suit.

39.     Specifically, Gastromed employees attempted to stalk Ms. Cortelyou on social media in order to intimidate her and deter the instant lawsuit.

40.     Subsequent to Ms. Cortelyou's departure from Gastromed, a Gastromed nurse phoned a prior neighbor of Ms. Cortelyou in an attempt to discern Ms. Cortelyou's subsequent employer. Upon information and belief, this was an attempt to gain information as leverage in an attempt to further intimate against the filing of this lawsuit.

## ALLEGATIONS AS TO A PATTERN OF WAGE THEFT

41.     Ms. Cortelyou was employed by Gastromed at an hourly rate of

seventeen-dollars ($17) per hour as a non-exempt employee.

42.     Ms. Cortelyou was routinely caused to work more than forty (40) hours per week by Gastromed.

43.     Ms. Cortelyou was not paid for her work hours in excess of thirty-eight (38) hours per week.

44.     Ms. Cortelyou was additionally not paid overtime for her work hours in excess of forty (40) hours per week.

45.     Despite electronically logging her hours into ADP payroll software application, no work hours in excess of thirty-eight (38) hours per week would appear on Ms. Cortelyou's paystubs.

46.     As these hours were not reflected on her pay stubs, Ms. Cortelyou was not paid for her work during these work hours in excess of thirty-eight (38) hours in a given work week.

47.     Indeed, Plaintiff routinely worked in excess of thirty-eight (38) hours per week with no pay at all for the hours in excess of thirty-eight (38) in a work week, in violation of the FLSA, NJWHL and NJWPL.

48.     Moreover, Plaintiff routinely worked in excess of forty (40) hours or more per week with no pay, much less overtime pay, for the hours in excess of forty (40) in a work week, in violation of the FLSA, NJWHL and NJWPL.

49.     Gastromed staff were made aware of these non-payment issues.

50.     Specifically, when informed, Ms. Cortelyou's manager—Ms. McGavisk—simply stated "too bad" about Ms. Cortelyou's unpaid labor.

51.     When questioned, at least one other hourly non-exempt employee at Gastromed confirmed to Ms. Cortelyou that they were also not compensated for work hours in excess of thirty-eight (38) hours per week.

52.     Indeed, upon information and belief, all hourly non-exempt employees at Gastromed are subjected to this same pattern of wage theft and are not paid at all for their time spent working in excess of thirty-eight (38) hours per week.

53.     Indeed, upon information and belief, all hourly non-exempt employees at Gastromed are subjected to this same pattern of wage theft and are not the required time-and-a-half for their time spent working in excess of forty (40) hours per week.

54.     Plaintiff's written consent to bring this action, pursuant to 29 U.S.C. §216(b), is attached hereto as Exhibit A.

## COLLECTIVE ALLEGATIONS

55.     Plaintiff brings the First Count as a collective action pursuant to Section 216(b) of the FLSA, on behalf of herself and other similarly situated people (the "Collective" or the "employees"), which shall include:

> All persons who work or worked for Defendant as non-exempt employees from January 25, 2020 through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Class Period"). Excluded from the Collective are Defendants, and any corporations, partnerships or other entities affiliated with

Defendant Gastromed.

56.     Defendant Gastromed is liable under the FLSA for, *inter alia*, failing to compensate Plaintiff and the Collective for time worked in excess of thirty-eight (38) hours per week, and for failing to properly compensate Plaintiff and the Collective for time worked in excess of forty (40) hours per week at a time-and-a-half overtime rate. There are likely fifty (50) or more similarly situated current and former employees of Defendant Gastromed who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant Gastromed, are readily identifiable, and can be located through Defendant Gastromed's records that Defendant Gastromed is required to create and maintain under applicable federal and state law.

57.     Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b).

58.     Defendant Gastromed has been an employer of the technicians at all relevant times within the meaning of the FLSA and the NJWHL, directing them to perform services out of at least two (2) New Jersey regional offices.

59.     Defendant Gastromed was aware that the members of the Collective were engaged in work in excess of thirty-eight (38) hours per week and did not compensate for such labor.

60.     Defendant Gastromed was further aware that the members of the

Collective were engaged in work in excess of forty (40) hours per week and did not appropriately compensate for such labor with time-and-a-half overtime pay.

61.    Defendant Gastromed knew that these were violations of applicable labor laws and the failure to compensate properly was therefore willful.

## CLASS ACTION ALLEGATIONS

62.    Plaintiff brings Counts II, III, IV and V as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following class of current and former employees (the "Class"):

> All persons who work or worked for Defendant as exempt employees in the State of New Jersey from January 25, 2017 through the date a judgment is entered in this action. Excluded from the Class are Defendants, and any corporations, partnerships or other entities affiliated with Defendant Gastromed.

63.    The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff estimates that there are at least fifty (50) members of the Class.

64.    Questions of law and fact common to all the members of the Class that predominate over any questions affecting only individual members, include, but are not limited to:

> a.    Whether Defendant Gastromed failed to pay Plaintiff and the Class for hours worked over thirty-eight (38) per workweek;
>
> b.    Whether Defendant Gastromed's failure to pay Plaintiff and the Class for hours worked over thirty-eight (38) per workweek

violated the NJWHL and NJWPL;

c.  Whether Defendant Gastromed failed to pay Plaintiff and the Class at  overtime rates for hours worked over forty (40) per workweek; and

d.  Whether Defendant Gastromed's failure to pay Plaintiff and the Class at overtime rates for hours worked over forty (40) per workweek violated the NJWHL and NJWPL.

65.  The claims of Plaintiff are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendant Gastromed has no defenses unique to Plaintiff.

66.  Plaintiff will protect the interests of the Class fairly and adequately, and Plaintiff has retained attorneys experienced in class action litigation.

67.  A class action is superior to all other available methods for this controversy because:

a)  The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

b)  The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with

respect to the individual members of the Class, which would establish incompatible standards of conduct for Defendant Gastromed;

c) Defendant Gastromed acted or refused to act on grounds generally applicable to the Class and questions of law and fact common to members of the Class predominate over any questions affecting only individual members; and

d) Technicians who are currently employed by Defendant Gastromed are likely to fear retaliation and/or the loss of their employment, and thus are unlikely to commence their own actions.

68.     Defendant Gastromed has been an employer of the employees at all relevant times within the meaning of the FLSA, NJWHL and NJWPL, directing them to perform services out of at least two (2) New Jersey regional offices.

69.     Defendant Gastromed was aware that the members of the Class were engaged in work in excess of thirty-eight (38) hours per week and did not compensate for such labor.

70.     Defendant Gastromed was further aware that the members of the Class were engaged in work in excess of forty (40) hours per week and did not appropriately compensate for such labor with time-and-a-half overtime pay.

71.     Defendant Gastromed knew that these were violations of applicable labor laws and the failure to so compensate was therefore willful.

## COUNT I

**Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*:**
**Failure to Pay and Failure to Pay Overtime**
**(As Against Defendant Gastromed on Behalf of the Collective)**

72.     Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

73.     During the FLSA Class Period, Plaintiff and others similarly situated were "employees" of Defendant Gastromed within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

74.     At all relevant times, Defendant Gastromed has been an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

75.     At all relevant times, Defendant Gastromed's business has had annual gross revenues in excess of $500,000.

76.     Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference.

77.     Defendant Gastromed was required to pay Plaintiff and others similarly situated all wages due for all hours worked in a workweek, including all hours in excess of thirty-eight (38) hours worked in a workweek.

78.     Defendant Gastromed was also required to pay Plaintiff and others similarly applicable overtime wages for all hours worked in excess of forty (40) hours in a workweek.

79.     During the FLSA Class Period, Defendant Gastromed failed to pay Plaintiff and other hourly employees all wages due, including for hours in excess of thirty-eight (38) hours worked in a workweek, and including overtime wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, which they are entitled under the FLSA.

80.     Defendant Gastromed's violation of the wage and overtime requirements of the FLSA were part of its regular business practice and constituted a pattern, practice, and/or policy.

81.     Defendant Gastromed was aware that this pattern, practice, and/or policy was contrary to law, and was therefore a willful violation.

82.     As a result of Defendant Gastromed's violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied wages and overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, as set forth below at the Prayer for Relief, including, but not limited to, liquidated damages in an amount equal to their unpaid wages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. §216(b).

83.    Defendant Gastromed's unlawful conduct, as described above, was willful and intentional and/or was not in good faith. Defendant Gastromed knew or should have known that the practices complained of herein were unlawful.

84.    Defendant Gastromed was further aware that the members of the Collective were engaged in work in excess of thirty-eight (38) hours per week and did not compensate for such labor.

85.    Defendant Gastromed was further aware that the members of the Collective were engaged in work in excess of forty (40) hours per week and did not appropriately compensate for such labor with time-and-a-half overtime pay.

86.    Defendant Gastromed knew that these were violations of applicable labor laws and the failure to so compensate was therefore willful.

87.    Defendant Gastromed has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and others similarly situated.

88.    Because Defendant Gastromed's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA, 29 U.S.C. §255(a).

89.    Plaintiff and the proposed collective seek to enjoin Defendant Gastromed from its continuing violations of 29 U.S.C. §207 and to recover any unpaid wages.

## COUNT II

### New Jersey Wage and Hour Law
### N.J.S.A. §34:11-56a, *et seq.*
### Failure to Pay and Failure to Pay Overtime
### (As Against Defendant Gastromed on Behalf of the Class)

90.     Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

91.     At all relevant times, Plaintiff and the Class were employed by Defendant Gastromed within the meaning of the NJWHL.

92.     Defendant willfully violated Plaintiff's rights, and the rights of the members of the Class, by failing to pay them for hours worked in excess of thirty-eight (38) hours in a work week, and by failing to pay them overtime compensation at rates not less than one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a work week.

93.     As a result of Defendant Gastromed's violations of the NJWHL, Plaintiff and the Class have suffered damages in amounts to be determined at trial and are entitled to the relief set forth below at the Prayer for Relief—including statutory liquidated damages—as well as pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs, pursuant to the NJWHL, as well as such other relief as the Court shall deem proper.

# COUNT III

**New Jersey Wage Payment Law**
**N.J.S.A. 34:11-4.1 *et seq.***
**Failure to Pay and Failure to Pay Overtime**
**(As Against Defendant Gastromed on Behalf of the Class)**

94.     Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

95.     Defendant Gastromed is an employer within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1(a).

96.     Plaintiff and Class members are, or were, employees within the meaning of N.J.S.A. 34:11-4.1(b).

97.     Defendant Gastromed has paid to Plaintiff and Class members compensation for their services within the meaning of N.J.S.A. 34:11-4.1(c).

98.     Defendant Gastromed has withheld and diverted the wages of Plaintiff and Class members as set forth above, in violation of N.J.S.A. 34:11-4.4 *et seq.*

99.     Defendant Gastromed was not authorized to withhold or divert these wages.

100.    Instead, Defendant Gastromed knowingly and intentionally failed to pay all wages owed to Plaintiff and the Class members.

101.    Pursuant to N.J.S.A. 34:11-4.7, Plaintiff and Class members have a private right of action against Defendant Gastromed for the full amount of wrongfully withheld or diverted wages.

102.     As a result of Defendant Gastromed's violations of the NJWPL, Plaintiff and the Class have suffered damages in amounts to be determined at trial and are entitled to recovery of such amounts—including statutory liquidated damages—as well as pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs, pursuant to the NJWPL, as well as such other relief as the Court shall deem proper.

## COUNT IV

### Breach of Contract
### (As Against Defendant Gastromed on Behalf of the Class)

103.     Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

104.     At all relevant times, Plaintiff and Class members were employed by Defendant Gastromed pursuant to a written employment agreement.

105.     Among other guarantees and benefits, that agreement promises payment in exchange for the work of the Class members.

106.     Plaintiff and Class members accepted employment with Defendant Gastromed on the condition that they perform work at a fixed, hourly rate, and accepted Defendant Gastromed's offer of employment by commencing and/or continuing to work.

107.     Pursuant to this agreement, Plaintiff and Class members performed work for Defendant Gastromed during the applicable statute of limitations period.

108.    However, as set forth in detail above, Defendant Gastromed failed to pay Plaintiff and the Class members for all work performed on behalf of Defendant Gastromed.

109.    Defendant Gastromed willfully breached this provision by not paying Plaintiff's wages, and the wages of the members of the Class, by failing to pay them for hours worked in excess of thirty-eight (38) hours in a work week, and by failing to pay them overtime compensation at rates not less than one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a work week.

110.    As a proximate result of Defendant Gastromed's actions, Plaintiff and the Class have suffered damages in amounts to be determined at trial and are entitled to recovery of such amounts as set forth below at the Prayer for Relief, including, but not limited to, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs.

### COUNT V

**Unjust Enrichment**
**(As Against Defendant Gastromed on Behalf of the Class)**

111.    Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

112.    At all relevant times, Plaintiff and the Class members were employed by Defendant Gastromed to perform work for Defendant on an hourly basis.

113.    Plaintiff and Class members accepted employment with Defendant Gastromed on the condition that they perform work at a fixed, hourly rate, and accepted Defendant Gastromed's offer of employment by commencing and/or continuing to work.

114.    Pursuant to this agreement, Plaintiff and Class members performed work for Defendant Gastromed during the applicable statute of limitations period.

115.    However, as set forth in detail above, Defendant Gastromed failed to pay Plaintiff and the Class members for all work performed on behalf of Defendant Gastromed.

116.    Defendant Gastromed withheld or diverted wages owed to Plaintiff and Class members.

117.    Defendant Gastromed was without basis or justification to withhold or divert these wages that belonged to Plaintiff and Class members.

118.    Defendant Gastromed was enriched by withholding or diverting these wages.

119.    It would be manifestly unjust to allow Defendant Gastromed to retain these wages.

120.    As a proximate result of Defendant Gastromed's actions, Plaintiff and the Class have suffered damages in amounts to be determined at trial and are entitled to recovery of such amounts as set forth below at the Prayer for Relief, including,

but not limited to, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs.

## COUNT VI

### Negligent Supervision
### (As Against Defendant Gastromed on Behalf of Plaintiff)

121.  Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

122.  At all relevant times, Plaintiff was employed by Defendant Gastromed to perform work for Defendant Gastromed on an hourly basis.

123.  On the job, Ms. Cortelyou was directly managed by two individuals: Lisa Anello, the Office Manager, and Sandra McGavisk, the Front Desk Manager and Head Nurse.

124.  During the term of her employment with Defendant Gastromed, Ms. Cortelyou was subjected to verbal and physical harassment.

125.  Ms. Anello and Ms. McGavisk were aware of, and indeed directly witnessed, this harassment.

126.  Specifically, Defendant Nicole Green, physically struck Ms. Cortelyou on at least five (5) occasions, would often shove her out of the way, and repeatedly called Ms. Cortelyou "stupid," which is false and defamatory.

127.  Cortelyou repeatedly requested meetings with Ms. Anello, to address these forms of verbal and physical harassment.

128.   No such meetings ever took place during the term of Ms. Cortelyou's employment with Defendant Gastromed.

129.   Instead, Ms. McGavisk—who had witnessed the physical abuse by Defendant Green and managed Defendant Green—merely advised Defendant Green not to continue such physical abuse.

130.   These warnings were not effective as Defendant Green continued to physically abuse Ms. Cortelyou.

131.   Ms. McGavisk was aware that her mere warnings were not effective to prevent the aforementioned harassment.

132.   Defendant Gastromed, through its agents, had a duty to supervise its employees.

133.   Ms. Anello and Ms. McGavisk's failure to properly supervise Defendant Green and others was negligent, if not willful.

134.   Plaintiff was harmed by such negligent supervision.

135.   As a proximate result of Defendant Gastromed's actions, Plaintiff has suffered damages in amounts to be determined at trial and is entitled to recovery of such amounts as set forth below at the Prayer for Relief, including, but not limited to, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs.

## COUNT VII

**Americans with Disabilities Act of 1990**
**42 U.S.C. § 12101, *et seq.***
**Disability Discrimination**
**(As Against Defendant Gastromed on Behalf of Plaintiff)**

136. Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

137. At all relevant times, Plaintiff was employed by Defendant Gastromed to perform work for Defendant on an hourly basis.

138. Plaintiff is an individual with a disability within the meaning of the ADA.

139. At all times relevant, Plaintiff was and is capable of performing all of her essential job functions with Defendant Gastromed, with or without reasonable accommodations.

140. During Plaintiff's employment, Defendant was on notice and at all times knew of Plaintiff's ADA-recognized disabilities.

141. Plaintiff has suffered adverse employment actions as a result of discrimination, including being subjected to a hostile work environment and being abused verbally and physically in her workplace.

142. Specifically, Defendant violated the ADA in at least the following ways: by failing to engage in the required interactive process; by falsely accusing

Plaintiff of job abandonment, among other misconduct; by penalizing Plaintiff more harshly than other employees without disabilities; by degrading and humiliating Plaintiff in front of her peers; by subjecting Plaintiff to a hostile work environment not imposed upon non-disabled persons that caused Plaintiff to lose her job and benefits; by exacerbating Plaintiff's anxiety; and by causing Plaintiff emotional distress.

143. The allegations contained in this Complaint against Defendant Gastromed constitute unlawful discriminatory practice in violation of the ADA.

144. The unlawful employment practices to which Plaintiff was subjected were intentionally performed and committed with malice or reckless indifference to Plaintiff's federally-protected rights.

145. Defendant Gastromed's conduct was due to unlawful discrimination based on Plaintiff's disability.

146. The unlawful employment practices to which Plaintiff was subjected were intentionally performed, committed with malice or reckless indifference to Plaintiff's federally-protected rights.

147. As a further proximate result of Defendant's unlawful and intentional discriminatory and retaliatory practices engaged in by the Defendants in violation of the ADA, Plaintiff sustained permanent and irreparable harm resulting in the termination of her employment, which caused her to sustain a loss of earnings, the

loss in value of certain benefits, loss of earning power, loss of back pay, loss of front pay, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

148.    As a proximate result of Defendant Gastromed's actions, Plaintiff has suffered damages in amounts to be determined at trial and is entitled to recovery of such amounts as set forth below at the Prayer for Relief, including, but not limited to, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs.

## COUNT VIII

### Harassment/ Hostile Work Environment
### (As Against Defendant Gastromed on Behalf of Plaintiff)

149.    Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

150.    Defendant Gastromed subjected Plaintiff to harassment and a hostile work environment because of her disability.

151.    The harassment of Plaintiff was pervasive and regular, constituted a continuing violation, and involved conduct that was physically threatening and humiliating and unreasonably interfered with Plaintiff's work performance.

152.    Defendant Gastromed and its agents knew or should have known of the workplace harassment and failed to take prompt remedial action.

153.    The unlawful employment practices to which Plaintiff was subjected were intentionally performed and committed with malice or reckless indifference to Plaintiff's federally- and state-protected rights.

154.    The allegations contained in this Complaint against Defendant Gastromed constitute unlawful discriminatory practice in violation of the ADA, Title VII, and the New Jersey Law Against Discrimination.

155.    As a proximate result of Defendant's actions, Plaintiff has suffered damages in amounts to be determined at trial and is entitled to recovery of such amounts as set forth below at the Prayer for Relief, including, but not limited to, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs.

<u>**COUNT IX**</u>

**Title VII & Americans with Disabilities Act of 1990**
**42 U.S.C. § 12101, *et seq.*; 42 U.S.C. § 2000e, *et seq.***
**Retaliation**
**(As Against Defendant Gastromed on Behalf of Plaintiff)**

156.    Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

157.    Plaintiff opposed Defendant Gastromed's discriminatory conduct by, among other things, complaining to her managers about the disability-based harassment she was receiving while at work.

158.    Plaintiff engaged in activities protected by Title VII when: (a) Plaintiff complained to her supervisors in her official capacity alleging that the actions of Defendants created a hostile work environment; and discriminated against her based on her disability.

159.    Defendant Gastromed took adverse action against Plaintiff that might

well dissuade a reasonable worker from making or supporting a charge of disability discrimination or retaliation, including, among other things, refusing to mitigate or address the verbal and physical harassment.

160.    At all times, Defendant, by its agents, was aware of Plaintiff's protected activity and oppositional conduct based on the foregoing allegations.

161.    Plaintiff's opposition to the discrimination was the reason for Defendant Gastromed's adverse action.

162.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer economic losses including, loss of pay, emotional distress, and mental anguish due to her concerns about losing her job and not being able to support herself.

163.    Defendant's retaliation against Plaintiff was a result of her protected activity, and was oppressive, malicious, and demonstrated total disregard for and reckless indifference to Plaintiff's civil rights.

164.    As a proximate result of Defendant Gastromed's actions, Plaintiff has suffered damages in amounts to be determined at trial and is entitled to recovery of such amounts as set forth below at the Prayer for Relief, including, but not limited to, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs.

## COUNT X

### New Jersey Law Against Discrimination
### (As Against Defendant Gastromed on Behalf of Plaintiff)

165.    Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

166.    The acts and conduct of Defendant Gastromed directed toward Plaintiff violated the New Jersey Law Against Discrimination.

167.    As a proximate result of Defendant Gastromed's actions, Plaintiff has suffered damages in amounts to be determined at trial and is entitled to recovery of such amounts as set forth below at the Prayer for Relief, including, but not limited to, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs

## COUNT XI

### Battery
### (As Against Defendant Nicole Green on Behalf of Plaintiff)

168.    Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

169.    Defendant Nicole Green physically struck Ms. Cortelyou on at least five (5) occasions and would often shove her out of the way, without justification or excuse.

170.    These constituted acts of intentional physical contact.

171.    These acts were intended to cause apprehension of harm or offensive

contact.

172.  Indeed, the acts were offensive and harmful to Plaintiff, and resulted in Plaintiff's apprehension that harmful or offensive contact would occur.

173.  As a proximate result of Defendant's actions, Plaintiff has suffered damages in amounts to be determined at trial and is entitled to recovery of such amounts as set forth below at the Prayer for Relief, including, but not limited to, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs.

## COMMON PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant Plaintiff and the proposed class and collective the following relief:

A.  An order certifying this case as a collective action for the violations of the FLSA, as it pertains to the claim under 29 U.S.C. §216(b) for the class of current and former employees described herein and designating Plaintiff's counsel as Class Counsel;

B.  An order certifying this case as a class action for violations of state law as it pertains to the class of employees described herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

C.  Award Plaintiff and the hourly employees all statutory damages, compensatory damages, punitive damages, liquidated damages, pre-judgment

interest, and post- judgment interest, and any other damages that may be just and proper;

D.      Award Plaintiff and the hourly employees their reasonable attorneys' fees, costs and expenses to the fullest extent authorized by law;

E.      Award Plaintiff for her past and future non-pecuniary losses, including physical and emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliations;

F.      Award punitive and liquidated damages to Plaintiff for Gastromed's intentional, malicious and reckless conduct, as permitted under the ADA and Title VII, and for the Defendants' intentional, wrongful acts;

G.      Enjoin Defendant Gastromed from its continued violation of the FLSA, NJWHL, and NJWPL; and

H.      Enjoin all Defendants' unlawful discriminatory and harassing practices and procedures;

I.      Grant Plaintiff and the Class such other relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all of the issues pled in this

Complaint so triable.


DATED:  January 25, 2023                    **Dressel/Malikschmitt LLP**

                                            By: *_/s/ Christopher M. Malikschmitt___*
                                            Christopher M. Malikschmitt
                                            Dressel/Malikschmitt LLP
                                            11 E. Cliff Street
                                            Somerville, New Jersey 08876
                                            Tel: (848) 202-9323
                                            Fax: (201) 567-7337
                                            chris@d-mlaw.com

                                            *Attorneys for Plaintiff*

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

HALEY CORTELYOU, individually
and on behalf of all others similarly
situated,

            Plaintiff,

       v.

GASTROMED HEALTHCARE,
P.A. and NICOLE GREEN

            Defendant.

No.

**CLASS ACTION
COMPLAINT**

**JURY TRIAL DEMANDED**

---

**FAIR LABOR STANDARDS ACT CONSENT TO JOIN ACTION**

Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), I hereby consent

to act as a Plaintiff in the above-captioned action and seek to opt in as to all FLSA claims. I agree

to be bound by any adjudication or ruling of the Court, whether favorable or unfavorable. I declare

under penalty of perjury that the foregoing is true and correct.

Date Signed:      01/23/23

Print Name:      Haley Cortelyou

Signature:      Haley Cortelyou

Date of Birth:      08/24/1995

Address:      142 Route 31 Apt 311

                  Flemington, NJ 08822

Telephone: (609) – 306 – 8319

Email: haleycort@comcast.net